No. 30,961.

T. M. WRIGHT, *Appellee*, v. JOHN HARDESTY and HUGH DOUGLAS, *Appellants*.

(19 P. 2d 441.)

Opinion filed March 11, 1933.

*J. P. Noble* and *John M. Bremer*, both of Oberlin, for the appellants.

*A. W. Relihan, T. D. Relihan,* both of Smith Center, and *H. R. Tillotson,* of Lenora, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injury to person and property sustained in an automobile collision. A demurrer to the amended petition was overruled, and defendants appeal.

The petition alleged that while plaintiff was carefully driving his fully equipped automobile on the proper side of a highway, "defendants," driving their automobile at a high rate of speed, negligently, recklessly and wantonly ran into plaintiff's automobile, wrecked it, and injured plaintiff. Actual and punitive damages

were prayed for. Defendants moved the court to require plaintiff to state which one of defendants was driving their automobile when the collision occurred. The motion was allowed, and plaintiff amended by stating defendants were engaged in a joint enterprise in which each one acted as agent of the other. Otherwise there was no material difference between the two petitions. After the petition was filed, but before the amended petition was filed, the statute of limitations ran against maintenance of an action for damages resulting from the accident. Defendants contend the original petition did not state a cause of action, and the amended petition, departing from the original petition, stated a cause of action for the first time.

The original petition charged commission of a tort, the elements of which were detailed, and charged that defendants committed the tort. Of course there may be joint tortfeasors under joint liability, and defendants were so charged. Therefore, the original petition stated a cause of action without vagueness as to wrongdoers, conduct or consequence. The amended petition charged commission of the identical tort by the identical actors. All that was new in the amended petition was an explanation of the relation between defendants which made them jointly liable—a matter which was not an essential ingredient of the cause of action. The result is, for purpose of application of the statute of limitations, the action was commenced when the original petition was filed.

The judgment of the district court is affirmed.